1

2

3

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 18, 2023

SEAN F. McAVOY, CLERK

4

5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF WASHINGTON

7

KEVIN TESKY and JENNIFER TESKY,

No. 2:23-CV-00306-MKD

8

Plaintiffs,

**STIPULATED PROTECTIVE ORDER**

9

v.

10

11

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,

12

Defendant.

13

With the Joint Status Report, ECF No. 15, the parties seek a Stipulated

14

Protective Order.  The Court has reviewed the record, has heard from counsel, and

15

is fully informed.  The Court finds good cause to grant the proposed stipulated

16

protective order.

17

Accordingly, **IT IS HEREBY ORDERED:**

18

**1.**  The parties' Stipulated Protective Order **ECF No. 15-1**, is **GRANTED.**

19

20

PROTECTIVE ORDER - 1

**Stipulated Protective Order**

1.    **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this agreement is consistent with WDWA LCR 26(c).[1]  It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

Pursuant to Fed. R. Civ. P. 16(b)(4), the dates set forth in this Order may be amended **only** by Order of the Court and upon a showing of good cause.  Pursuant to Fed. R. Civ. P. 29, the parties may stipulate to other procedures governing or limiting discovery, except the dates set forth in this Order.

---

[1] Throughout their stipulation the parties cite to the Western District of Washington's Local Rules.  This Court's Local Rules do not provide procedures for the handling of protected material.  The references to the WDWA LCR control as set forth in this Order, otherwise the EDWA's LCivR control.

PROTECTIVE ORDER - 2

## 2.    "CONFIDENTIAL" MATERIAL

Confidential" Material shall include the parties' confidential and proprietary documents, including Allstate's Claims Operation Manual and Allstate's Property Claims Handling Manual.

## 3.    SCOPE

The protections conferred by this agreement cover not only **Confidential** material (as defined above), but also (1) any information copied or extracted from **Confidential** material; (2) all copies, excerpts, summaries, or compilations of **Confidential** material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal **Confidential** material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

## 4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1.    Basic Principles.  A receiving party may use **Confidential** material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. **Confidential** material may be disclosed only to the categories of persons and under the conditions described in this agreement.  **Confidential** material must be

PROTECTIVE ORDER - 3

stored and maintained by a receiving party at a location and in a secure manner that

ensures that access is limited to the persons authorized under this agreement.

4.2.   Disclosure of "**Confidential**" Information or Items.   Unless otherwise

ordered by the court or permitted in writing by the designating party, a receiving

party may disclose any **Confidential** material only to:

a)   the receiving party's counsel of record in this action, as well as

employees of counsel to whom it is reasonably necessary to disclose the

information for this litigation;

b)   the officers, directors, and employees (including in house

counsel) of the receiving party to whom disclosure is reasonably necessary

for this litigation, unless the parties agree that a particular document or

material produced is for Attorney's Eyes Only and is so designated;

c)   experts and consultants to whom disclosure is reasonably

necessary for this litigation and who have signed the "Acknowledgment and

Agreement to Be Bound" (**Exhibit A**);

d)   the court, court personnel, and court reporters and their staff;

e)   copy or imaging services retained by counsel to assist in the

duplication of **Confidential** material, provided that counsel for the party

retaining the copy or imaging service instructs the service not to disclose any

PROTECTIVE ORDER - 4

1    confidential material to third parties and to immediately return all originals

2    and copies of any **Confidential** material;

3        f)    during their depositions, witnesses in the action to whom

4    disclosure is reasonably necessary and who have signed the

5    "Acknowledgment and Agreement to Be Bound" (**Exhibit A**), unless

6    otherwise agreed by the designating party or ordered by the court.  Pages of

7    transcribed deposition testimony or exhibits to depositions that reveal

8    confidential material must be separately bound by the court reporter and may

9    not be disclosed to anyone except as permitted under this agreement;

10        g)    the author or recipient of a document containing the information or a

11    custodian or other person who otherwise possessed or knew the information.

12        4.3.    <u>Filing **Confidential** Material</u>.  Before filing **Confidential** material or

13    discussing or referencing such material in court filings, the filing party shall confer

14    with the designating party, in accordance with WDWA LCR 5(g)(3)(A), to

15    determine whether the designating party will remove the confidential designation,

16    whether the document can be redacted, or whether a motion to seal or stipulation

17    and proposed order is warranted.  During the meet and confer process, the

18    designating party must identify the basis for sealing the specific **Confidential**

19    information at issue, and the filing party shall include this basis in its motion to

20    seal, along with any objection to sealing the information at issue.  WDWA LCR

PROTECTIVE ORDER - 5

5(g) sets forth the procedures that must be followed and the standards that will be

applied when a party seeks permission from the court to file material under seal.[2]

A party who seeks to maintain the confidentiality of its information must satisfy

the requirements of WDWA LCR 5(g)(3)(B), even if it is not the party filing the

motion to seal.  Failure to satisfy this requirement will result in the motion to seal

being denied, in accordance with the strong presumption of public access to the

Court's files.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1.    Exercise of Restraint and Care in Designating Material for Protection.

Each party or non-party that designates information or items for protection under

this agreement must take care to limit any such designation to specific material that

qualifies under the appropriate standards.  The designating party must designate for

protection only those parts of material, documents, items, or oral or written

---

[2] The Court, concurrently with this Protective Order, files a Jury Trial Scheduling

Order setting forth procedures for filing sealed documents.  In that Order, the Court

directs hat no separate motion to seal a document is required, and that any

objections to a document being sealed should be filed no later than five days.

Either any party seeking to seal documents, the parties shall confer and may abide

by either the procedure set forth here or in the Court's Jury Trial Scheduling Order.

PROTECTIVE ORDER - 6

communications that qualify, so that other portions of the material, documents,

items, or communications for which protection is not warranted are not swept

unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations

that are shown to be clearly unjustified or that have been made for an improper

purpose (e.g., to unnecessarily encumber or delay the case development process or

to impose unnecessary expenses and burdens on other parties) expose the

designating party to sanctions.

If it comes to a designating party's attention that information or items that it

designated for protection do not qualify for protection, the designating party must

promptly notify all other parties that it is withdrawing the mistaken designation.

5.2.    Manner and Timing of Designations.  Except as otherwise provided in

this agreement (see, e.g., second paragraph of section 5.2(b) below), or as

otherwise stipulated or ordered, disclosure or discovery material that qualifies for

protection under this agreement must be clearly so designated before or when the

material is disclosed or produced.

a)    Information in documentary form: (e.g., paper or electronic

documents and deposition exhibits, but excluding transcripts of depositions

or other pretrial or trial proceedings), the designating party must affix the

word "CONFIDENTIAL" to each page that contains **Confidential** material.

PROTECTIVE ORDER - 7

If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b)     Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as **Confidential**.  If a party or non-party desires to protect **Confidential** information at trial, the issue should be addressed during the pre-trial conference.

c)     Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3.   <u>Inadvertent Failures to Designate.</u>  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such

PROTECTIVE ORDER - 8

material.  Upon timely correction of a designation, the receiving party must make

reasonable efforts to ensure that the material is treated in accordance with the

provisions of this agreement.

### 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.    Timing of Challenges.  Any party or non-party may challenge a

designation of confidentiality at any time.  Unless a prompt challenge to a

designating party's confidentiality designation is necessary to avoid foreseeable,

substantial unfairness, unnecessary economic burdens, or a significant disruption

or delay of the litigation, a party does not waive its right to challenge a

confidentiality designation by electing not to mount a challenge promptly after the

original designation is disclosed.

6.2.    Meet and Confer.  The parties must make every attempt to resolve any

dispute regarding confidential designations without court involvement. Any motion

regarding confidential designations or for a protective order must include a

certification, in the motion or in a declaration or affidavit, that the movant has

engaged in a good faith meet and confer conference with other affected parties in

an effort to resolve the dispute without court action.  The certification must list the

date, manner, and participants to the conference.  A good faith effort to confer

requires a face-to-face meeting or a telephone conference.

PROTECTIVE ORDER - 9

6.3.   <u>Judicial Intervention.</u>  If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under WDWA LCR 7 (and in compliance with WDWA LCR 5(g), if applicable).  The burden of persuasion in any such motion shall be on the designating party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

## 7.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

a)   promptly notify the designating party in writing and include a copy of the subpoena or court order;

b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

c)   cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential material may be affected.

PROTECTIVE ORDER - 10

**8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed **Confidential** material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.  The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

PROTECTIVE ORDER - 11

1    **10.    NON TERMINATION AND RETURN OF DOCUMENTS**

2    Within 60 days after the termination of this action, including all appeals,

3    each receiving party must return all **Confidential** material to the producing party,

4    including all copies, extracts and summaries thereof. Alternatively, the parties may

5    agree upon appropriate methods of destruction.

6    Notwithstanding this provision, counsel are entitled to retain one archival

7    copy of all documents filed with the court, trial, deposition, and hearing transcripts,

8    correspondence, deposition and trial exhibits, expert reports, attorney work

9    product, and consultant and expert work product, even if such materials contain

10   **Confidential** material.

11   The confidentiality obligations imposed by this agreement shall remain in

12   effect until a designating party agrees otherwise in writing or a court orders

13   otherwise.

14   **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

15   Order and provide copies to the parties.

16   DATED December 18, 2023.

17   _s/Mary K. Dimke_
     MARY K. DIMKE
18   UNITED STATES DISTRICT JUDGE

19

20

PROTECTIVE ORDER - 12